UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANN CASH,

    Plaintiff,                                              Case No. 3:16-cv-00175

vs.

COMMISSIONER OF                         District Judge Walter H. Rice
SOCIAL SECURITY,                       Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

       This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (docs. 5 and 6), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520[,] respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed applications for SSI and DIB asserting disability as of September 30, 2002. PageID 218-30. Plaintiff claims disability as a result of a number of impairments including, *inter alia,* degenerative disc disease and internal arrangement in her right knee, a history of endometriosis, major depressive disorder, and posttraumatic stress disorder. PageID 968.

After initial denials of her applications, Plaintiff received a hearing before ALJ David Redmond on May 22, 2012. PageID 42-51. The ALJ issued a written decision on June 29, 2012 finding Plaintiff not disabled. PageID 38-60. The Appeals Council denied review on January 10, 2013. PageID 31-33. On appeal to this Court, the case was remanded under Sentence Four for further proceedings. PageID 1059-66.

On remand, Plaintiff received a second hearing before ALJ Eric Anschuetz who held a hearing on August 13, 2015. PageID 987-1031. ALJ Anschuetz issued a written decision on February 3, 2016 finding Plaintiff not disabled. PageID 965-77. Specifically, ALJ Anschuetz found at Step Five that, as a result of Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaitniff] can perform[.]" PageID 965-76.

Plaintiff did not seek Appeals Council review of ALJ Anschuetz's decision. *See* 20 C.F.R. § 404.984(d) (in a case remanded by a Federal Court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand"). Plaintiff now timely appeals ALJ Anschuetz's decision. *See id*; *see also* 20 C.F.R. § 404.984(c).

---

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1587(a).

B.   **Evidence of Record**

The evidence of record is adequately summarized in ALJ Anschuetz's (hereinafter referred to as "the ALJ") decision (PageID 967-75), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply memorandum (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.   **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability Defined"**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to properly assess her credibility as it

relates to her allegations of disabling pain stemming from her: (1) right knee degeneration; and (2) endometriosis. Doc. 8 at PageID 2001, 2004.

The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Pursuant to SSR 96-7p,[5] upon determining that "an underlying physical or mental impairment" exists "that could reasonably be expected to produce the individual's pain or other symptoms[,]" the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *See* SSR 96-7p, 1996 WL 374186, at *7. Where a claimant's subjective complaints concerning "the intensity, persistence, or functionally limiting

---

[5] Following issuance of the ALJ's decision in this case, SSR 96-7p was superseded by SSR 16-3p, 2016 WL 1119029, at *8 (Mar. 16, 2016). Courts have not applied SSR 16-3p retroactively. *See Withrow v. Comm'r of Soc. Sec.*, No. 2:15-CV-1437, 2016 WL 4361175, at *8 (S.D. Ohio Aug. 16, 2016); *Williamson v. Comm'r of Soc. Sec.*, No. 1:16-CV-583, 2017 WL 713904, at *4 (S.D. Ohio Feb. 23, 2017).

5

effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must then determine the claimant's credibility "based on a consideration of the entire case record." *See id.*; 20 C.F.R. § 404.1529(c)(3).

In considering the entire case record, 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p also require consideration of the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment undertaken by the claimant; (6) measures undertaken by the claimant to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 404.1529(c)(3); *see Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007).

At the administrative hearing, Plaintiff testified that her endometriosis flared and caused her to lie in bed two to three days each month, and that during those days, she was unable to stand, lift or walk. PageID 971, 999-1000, 1017. The ALJ rejected Plaintiff's testimony in this regard, stating that:

> in October 2010, the claimant reported that her doctors recommended a hysterectomy but she did not want any more surgery. Further, the claimant "received Lupron in the past with success. She has been post-menopausal since 2011 with improvement in daily pelvic pain but has occasional flair ups of pain[.]" Finally, on February 13, 2014, the claimant underwent a hysterectomy, right salpingo-oophorectomy, McCall culdoplasty, lysis of adhesions, cystoscopy and posterior repair. Subsequently, on April 9, 2014, the claimant reported that she was doing well despite the fact that she had not taken medication prescribed to her. In addition, she indicated that she is able to do all her normal activities of daily living. It should also be noted that the claimant testified that she has had endometriosis with the same level of severity since she was 13 years old. Nonetheless, the claimant has been able to perform competitive work in the past despite this condition.
>
> The claimant has been noncompliant with her treatment regimen for endometriosis. The claimant was advised by her gynecologist and others to discontinue smoking. Yet the claimant testified that she continues to smoke 1/2 pack of cigarettes per day. Poor compliance reflects poorly on the claimant's allegations about the severity of her symptoms.

6

PageID 971-72.

The undersigned agrees with Plaintiff and finds that medical records noting Plaintiff's continued flair ups of pelvic pain despite overall improvement (PageID 1286) are consistent with her hearing testimony -- *i.e.*, that she suffers from endometriosis pain effecting her ability to stand once a month for a period that lasts two to three days. PageID 998-99.

The undersigned also agrees with Plaintiff that the ALJ erred in relying on her purportedly less severe symptoms after undergoing surgery in 2014 in light of the fact that she alleges a disability onset in 2002. PageID 972. "In determining whether [a plaintiff] is entitled to disability benefits, it is necessary to consider every period during which [the plaintiff] may have been disabled." *Miller v. Comm'r of Soc. Sec.*, No. 13 CIV. 6233 LGS, 2015 WL 337488, at *24 (S.D.N.Y. Jan. 26, 2015). "[T]he ALJ should have considered not only whether Plaintiff was disabled at the time of the hearing, but also whether [she] was entitled to disability benefits for any closed, continuous period of not less than 12 months, following the date of [her] claim." *Pena v. Barnhart*, No. 01 CIV. 502 (BSJDF), 2002 WL 31487903, at *11 (S.D.N.Y. Oct. 29, 2002) (citing 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A)).

Accordingly, the ALJ's credibility analysis is found unsupported by substantial evidence, specifically with regard to the ALJ's failure to consider a closed period of disability. This finding merits reversal of the ALJ's non-disability determination.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*,

905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). In this case, the evidence of disability is not overwhelming. Therefore, a remand for further proceedings is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: August 14, 2017                                s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).